# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

**The Honorable Judge Elizabeth E. Brown**

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) Case No. 18-18636 EEB |
| WPB HOSPITALITY, LLC | ) |
| | ) |
| | ) |
| | ) |
| | ) |

---

## ORDER GRANTING DEBTOR-IN-POSSESSION'S MOTION TO APPROVE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b) AND (f) AND MOTION TO COMPENSATE REALTOR

---

THIS MATTER, having come before the Court on the motion of the Debtor for an Order approving sale of property free and clear of liens claims and encumbrances pursuant to 11 U.S.C. § 363(b) and (f) and Motion to Compensate Realtor (the "Motion"); the Court having reviewed the Debtor's Motion and its file with respect to this matter, and deeming itself advised in the premises Orders as follows;

Pursuant to the Motion the Debtor requests the Court to enter an Order, inter alia:

1. Authorizing the Debtor to complete the sale of the Debtor's property located at 16161 E 40th Avenue, Denver, Colorado (the "Property") to Denver East Hospitality, LLC as assignee of Right A Way, LLC ("Buyer" or "Purchaser");

2. Authorizing the sale of the property pursuant to the terms of the Contract described in the Motion;

3. Authorizing such sale to be free and clear of all liens, claims, interests, and encumbrances;

4. Authorizing the Debtor to pay at closing, without further Court approval, $5,000,000.00 toward the secured debt owed to American Lending Center, LLC ("ALC") with the balance, if any, owed to ALC to attach to the net sale proceeds;

5. Authorizing the Debtor to pay at closing $134.81 to the City and County of Denver for a Storm Drain lien;

6. Authorizing the Debtor to pay at closing the amount of $101,340.06 for past due real property taxes owed to the City and County of Denver;

7. Authorizing, without further Court Order, the payment of a three percent (3%) real estate commission to Larry Kaplan and Mark Darrington of CBRE, Inc. for real estate commission for the sale of the subject property;

8. Authorizing the payment of all traditional and reasonable closing costs including prorated real property taxes, etc.;

9. Authorizing the payment of the net sale proceeds into escrow with Fidelity National Title Company to be held pending further Order of the Court or alternatively authorizing the payment of the net sale proceeds into the Debtor-In-Possession's "DIP" account at Wells Fargo Bank;

10. Authorizing that any liens or encumbrances actually secured by the subject Property shall also be secured and attached to the net sale proceeds pending further Order of the Court;

11. Authorizing the payment of any quarterly fees due and owing to the United States Trustee's office resulting from the sale of the subject property;

12. The Court authorizes the sale of the Property to Denver East Hospitality, LLC, assignee of Right-A-Way, LLC, for the Contract price of $9,000,000.00 pursuant to the terms of the Contract attached to the Motion; and

13. Granting such additional and further relief as the Court deems just and proper.

**THE COURT HEREBY FINDS DETERMINES AND ORDERS THAT**:

A. The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Sale Motion pursuant to 28 U.S.C. §§ 157(a) and 1334;

B. Venue of this case and Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),(N), and (O);

C. The statutory predicates for the relief requested in the Motion are 11 U.S.C. § 363 and Fed. R. Bankr. P. 6004;

D. As set forth in the Certificate of Service filed with this Court in connection with the Motion, notice of the hearing on the approval of the Motion was duly served on all parties entitled to notice, including each entity known to the Debtor to assert a lien, encumbrance, leasehold, or other interest in the Property;

E. Notice of the Motion was adequate and appropriate, and no further notice need be given;

F.   The legal and factual basis set forth in the Motion and the record in this case establish just cause for the relief requested therein, and such relief is in the best interests of the Debtor's estate, its creditors, and all other parties in interest in this case;

G.   The terms of the Contract are fair and reasonable;

H.   The Contract was negotiated and was undertaken by the Debtor and the Buyers at arm's length without collusion or fraud, and in good faith within the meaning of 11 U.S.C. § 363(m), and, as a result of the foregoing, the Debtor's estate and the Buyers are entitled to the protections of 11 U.S.C. § 363(m).;

I.   The total consideration provided by the Buyers for the Property constitutes fair consideration under any applicable law;

J.   With respect to each creditor or other entity asserting a lien, lease, or other interest in the Property, one or more of the standards set forth in 11 U.S.C. § 363(f) has been satisfied; and

K.   The closing on a sale pursuant to the Contract constitutes the exercise by the Debtor of sound business judgment, and such acts are in the best interests of the Debtor's estate, its creditors, and all other parties in interest.

**THE COURT FURTHER FINDS** that cause exists for granting the Debtor-In-Possession's Motion to Compensate Realtor.

**THEREFORE, THE COURT AUTHORIZES AND ORDERS THE FOLLOWING:**

1.   The Motion is granted with respect to the property located at 16161 E 40th Avenue, Denver, Colorado.

2.   No Objections were filed with respect to the Motion.

3.   All of the terms and the Contract are reasonable and the sale of the subject property is approved according to the terms of the Contract.

4.   Upon payment in full of the Purchase Price under the Contract, the Debtor is authorized to execute a transfer Deed to the Property.

5.   The Debtor is authorized to execute any documents necessary or appropriate to effectuate the transfer of the Property to the Buyers.

6.   Subject to closing of the sale and payment of the Purchase Price, in full, as required under the Contract, the sale of the Property to the Buyers shall be free and clear of any and all liens claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f), with such liens, if any, to attach to the net sale proceeds in the same amount, validity, priority, enforceability, avoidability, and extent as existed prior to the sale.

7.      The Debtor is authorized to execute such documents and to undertake such other actions as are reasonably necessary or appropriate to complete the sale of the Property pursuant to the terms of the Contract.

8.      This Court shall and hereby does retain jurisdiction to (i) resolve any disputes, controversies, or claims arising out of or relating to the Contract or the sale contemplated hereby, and (ii) interpret, implement, and enforce the provisions of this Order.

9.      The validity of the sale approved hereby shall not be affected by the appointment of a trustee, the dismissal of the above-captioned case, or its conversion to another chapter under the Bankruptcy Code.

10.      Right-A-Way, LLC and/or its successor in interest Denver East Hospitality, LLC are Buyers in good faith and subject to the provisions of 11 U.S.C. §363(m).

11.      The Court authorizes the sale of the Debtor's Property located at 16161 E 40th Avenue, Denver, Colorado 80239 with a legal description of:

PART OF BLOCK 1, LOT 1, GATEWAY PARK IV, DENVER CO  80239.

12.      The Court authorizes the sale of the Property to Right-A-Way, LLC and/or its successor in interest Denver East Hospitality, LLC for the Contract price of $9,000,000.00 pursuant to the terms of the Contract attached to the Motion.

13.      The Debtor and the title company are authorized to pay the following consensual liens and encumbrances in the approximate amounts listed below to the following:

| Note A & B, DOT | ALC | $5,000,000.00 |
|---|---|---|
| Lien | City & County of Denver | $       134.81 |
| Property Tax | City & County of Denver | $   101,340.06 |
| TOTALS | | $5,101,474.87 |

14.      The Court determines that the subject property is to be sold free and clear of the following non-consensual liens and encumbrances:

| Mechanic lien | Rio Grande Co. | $   53,830.49 |
|---|---|---|
| Mechanic lien | O'Brien Concrete | $   13,887.26 |
| Mechanic lien | United Rentals | $   64,466.79 |
| Mechanic lien | Redd Iron, Inc. | $   53,220.40 |
| Mechanic lien | Metro Building Products | $    4,650.48 |
| Mechanic lien | Summit Services Group | $    3,520.00 |
| Mechanic lien | HD Supply Construction | $    3,556.12 |
| Mechanic lien | Waste Connections | $    5,335.41 |
| Use Taxes | City and County of Denver | $   139,393.50 |
| TOTALS | | $   341,860.45 |

15.     The Court approves the Debtor's paying a brokerage commission of three percent (3%) of the sales price out of the sales proceeds and settlement charges in the total amount of $270,000.00 to Larry Kaplan and Mark Darrington of CBRE, Inc.

16.     After payment of all of the above items including real estate commissions, closing costs, settlement charges, etc any remaining amounts which otherwise would have been paid to the Debtor shall be paid to Fidelity National Title Company to be held in escrow pending further Order of the Court or in the alternative if said entity refuses to act as Escrow Agent to be paid to the Debtor's Debtor-In-Possession ("DIP") account at Wells Fargo Bank pending further of this Court.

17.     The Debtors are further authorized to pay any quarterly fees due to the United States Trustee associated with the above transaction.

BY THE COURT:

Dated:_____        _____
                               The Honorable Judge Elizabeth E. Brown

G:\FIRM\CLIENTS\WPB HOSPITALITY\MOTION TO SELL PROPERTY\190103 Order re motion to approve sale of property