IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: § | |
| § | |
| WPB HOSPITALITY, LLC, § | CASE NO. 18-18636-EEB |
| § | |
| Debtor. § | |

**JOINT OBJECTION TO DEBTOR-IN-POSSESSION'S MOTION TO APPROVE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f) AND MOTION TO COMPENSATE REALTOR (DOCKET NO. 123)**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW Abbas Consulting, Inc. and Frisco Acquisition, LLC ("Creditors") and file this their Joint Objection to Debtor-in-Possession's Motion to Approve Sale of Property Free and Clear of Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f) and Motion to Compensate Realtor (Docket No. 123), and would respectfully show the Court as follows:

1. This case was commenced by the filing of a Chapter 11 petition on October 3, 2018.

2. There has been no Trustee appointed in this case. The Debtor is acting as a Debtor-in-possession. The Debtor's exclusive period to file a Plan in this case will expire on or about January 31, 2019. No Plan has been filed in this case and it is unlikely that the Debtor can formulate a Plan.

3. This Court has jurisdiction over this matter and property of the Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157(a) and 1334.

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The Creditors[1] asserting secured claims related to this Objection are described as follows:

| | |
|---|---|
| Rio Grande Co. (Abbas Consulting) | Claim $53,830.49 |
| O'Brien Concrete Pumping (Frisco Acquisition) | Claim $13,887.26 |
| HD Supply Construction Supply (Frisco Acquisition) | Claim $4,445.38 |

7. Creditors have reason to believe that some of the other secured claims in this case are insider claims and should be subordinated to the payment of other allowed secured and unsecured claims in this case.

8. There is a pending Motion for Relief from Stay filed by American Lending Center, LLC ("ALC") [Docket No. 33]. Such Motion provides the following factual statements: The Lender's note prohibits prepayment in the first 5 years of the Note. That period does not expire until December 31, 2020. Accordingly, any sale of the Lender's collateral will carry with it the requirement that a pre-payment penalty be paid. There are no sources of income available to the Debtor to sustain a Plan.

9. The Debtor's response to the Motion to Lift Stay recites that the Debtor owns an incomplete hotel under construction on a 4-acre parcel near the Denver Airport. That the failure to complete the project is tied to the failure of the Debtor's contractor to handle funds properly and complete the work paid for. The total indebtedness to other creditors is approximately $270,000 and $250,000 to City and County of Denver. So, to retire all the debt in this case an amount greater than $5.5 Million will be needed.

10. Debtor has contended there is at least $4,000,000 equity in the project. [Docket No. 44]

---

[1] Creditors are in the process of amending their claims prior to the bar date in this case.

**OBJECTION TO MOTION TO SELL** Page 2

11. Debtor has filed a motion to Approve Sale of Property Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. Section 363(b) and (f) and Motion to Compensate Realtor. [Docket No. 123]

12. The Debtor has elected to move forward with an offer from Right-A-Way, LLC for $9,000,000. The Debtor claims that it believes this to be the better offer.

13. While the Motion states that the price is greater than the aggregate value of the liens on the property and there is an analysis of the liens in the Motion and who is projected to be paid from the sale, there is no analysis of the effect of the pre-payment penalty on the sale which could seriously erode the amount available to pay creditors.

14. Whether the Creditors are unsecured creditors may affect the ultimate amount they receive, but they will still have to be paid in full in order for the Debtor to claim any equity from the sale. No information is provided as to which creditors the Debtor disputes. It is equally unclear why the Debtor would not pay ALC in full at closing and cut off the added cost and expense of delaying payment to ALC. Such added expense will include legal fees and interest that ALC will continue to be able to claim if it is not paid in full at closing. Thus, again eroding the return to other creditors in this case.

15. The Debtor claims Right-A-Way, LLC is paying market value for the property yet there is no discussion in the Motion regarding marketing efforts made by the brokers. Only two offers are discussed. It cannot be determined from the Motion how many offers were received, what efforts were made to get the best value and what type of actual marketing efforts were used.

16. The Creditors with valid secured claims object to not being paid at closing. While the Debtor has stated some reasons why it believes such claims should not be paid, such claims are valid claims and are entitled to be paid. The actual Proofs of Claims have not been objected

to and are valid as filed. Moreover, to the extent secured such claims will continue to accrue interest and attorney's fees. If the claims are unsecured they will still have to be paid in full and will be entitled to post-petition interest on the amount of such claims until paid in full. Delaying payment of the claims will only cost the estate and the owners additional monies.

17. The claims of the insiders should be subordinated to the claims of the non-insider creditors and should not delay the distributions to the non-insider creditors.

18. Since the sale of the property will end the opportunity for a plan of reorganization in this case, payments to creditors should not be delayed.

19. Based on the order of priority described in Section 266 of the Motion, Creditors seek to be paid at Closing.

20. There are clearly claims missing from the Debtor's analysis, such as payment of UST fees and payment of Debtor's counsel's fees.

21. In no event should insider creditors be paid ahead of non-insider claims.

22. The Creditors also have reason to believe that a creditor plan may be a better option in this case than a sale.

23. Further, Debtor does not meet the requirements for authorization to sell the property free and clear. In its motion, Debtor seeks authorization to sell its property pursuant to 11 U.S.C. § 363(f)(1)-(5).[2] 11 U.S.C. § 363(f) provides that Debtor can sell its property free and clear of any interest in such property (including liens) **only** if one of the following provisions apply to **every single creditor that has a lien attached to the property**: (1) non-bankruptcy law permits the sale of the property free and clear of the creditor's lien; (2) the creditor consents; (3) the price at which such property is to be sold is greater than the aggregate value of all liens on

---

[2] See paragraphs 282 – 293 of Debtor's motion.

the property; (4) the creditor's interest is in bona fide dispute; or (5) the creditor could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.[3]

24. Debtor claims, without any real explanation or citation to law, that all five provisions of Section 363(f) apply. However, as covered below, none of the provisions urged by Debtor apply, and thus the Court should deny the motion.

25. First, Section 363(f)(1) does not apply, because non-bankruptcy law does not permit the sale of the property free and clear of liens. In fact, Debtor has not even cited in its motion any applicable non-bankruptcy law – and Creditors are aware of none – that would permit the sale of the property free and clear. Thus, the provision does not apply.

26. Further, Section 363(f)(2) does not apply either, because, as is evident by this objection, Creditors do not consent.

27. Further, Section 363(f)(3) does not apply either, because, as covered in detail above, there are numerous problems with Debtor's allegations of who gets paid, including the fact that there is no analysis of the effect of the pre-payment penalty on the sale which could seriously erode the amount available to pay creditors. All of the above-cited problems defeat any applicability of Section 363(f)(3) here.

28. Further, Section 363(f)(4) does not apply either. While Debtor claims that there is a bona fide dispute as to Creditors' claims, this is simply not true. As acknowledged in Debtor's motion, Creditors have filed proofs of claims in this case. However, Debtor has not filed an

---

[3] 11 U.S.C. § 363(f)("The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.").

objection to any of those claims. Therefore, those claims are allowed **as a matter of law**, and accordingly there is and can be **no** dispute as to their validity, much less a bona fide one.[4]

29. Further, even if Debtor were to file an objection to each of Creditors' claims, for the reasons that follow, it still would not create a bona fide dispute as to those claims. Based on Debtor's motion, it appears that in any objection to Creditors' claims, Debtor would be challenging the secured status of Creditors. However, as required by bankruptcy law, such a determination would have to be done through an adversary proceeding, and not via a contested hearing (i.e. a hearing on an objection to claim).[5] Debtor has not filed an objection, much less an adversary proceeding to determine the extent and validity of Creditors' liens. Further, even if Debtor did try to do this, if Debtor wants to try to rely on the "bona fide dispute" provision of Section 363(f)(4) to justify its sale of the property free and clear, then the resolution of Debtor's current motion should be abated until, with respect to each and every one of Creditors' claims, (1) the Debtor has filed an objection to such claim, (2) Debtor has initiated an adversary proceeding with respect to each such objection, and (3) Debtor's objection pleadings have survived a 12(b)(6) motion. Until then, there is no bona fide dispute sufficient to justify authorization of the sale under Section 363(f)(4), and Debtor should not be able to manufacture such a dispute based on the threadbare allegations contained in its motion.[6]

30. Finally, Section 363(f)(5) does not apply either. While Debtor asserts that this subsection applies, just as above in subsection (f)(1) Debtor has not even cited in its motion any

---

[4] 11 U.S.C. § 502(a)("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.").

[5] Fed. R. Bankr. P. 7001("An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings: … (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d);").

[6] Bartmann v. Maverick Tube Corp., 853 F.2d 1540, 1543 – 44 (10th Cir. 1988); See also Matter of Sims, 994 F.2d 210, 220 – 221 (5th Cir. 1993).

law – and Creditors are aware of none – that would support its contention that Creditors could not be compelled, in a legal or equitable proceeding, to accept a money satisfaction of their interests. Thus, this provision does not apply, either.

WHEREFORE, PREMISES CONSIDERED, Abbas Consulting, Inc. and Frisco Acquisition, LLC respectfully request that this Court enter an Order denying the relief requested in the Motion for the reasons set forth herein, and for such other and further relief to which they may be justly entitled.

Dated: January 14, 2019.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
Texas State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Abbas Consulting, Inc. and
Frisco Acquisition, LLC

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 14, 2019, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below.

David A. Laird on behalf of Creditor   Aileron Investment Management, LLC
david.laird@moyewhite.com,   lisa.oliver@moyewhite.com;brett.laursen@moyewhite.com

David A. Laird on behalf of Creditor   American Lending Center, LLC
david.laird@moyewhite.com,   lisa.oliver@moyewhite.com;brett.laursen@moyewhite.com

David B. Law on behalf of Creditor   HD Supply Construction Supply, Ltd. d/b/a HD Supply Construction & Industrial   White Cap
dbl@millerandlaw.com,   R58255@notify.bestcase.com;les@millerandlaw.com

David B. Law on behalf of Creditor   OBrien Concrete Pumping - Colorado, Inc. n/k/a OBCP-CO, Inc.
dbl@millerandlaw.com,   R58255@notify.bestcase.com;les@millerandlaw.com

David B. Law on behalf of Creditor   Rio Grande Co.
dbl@millerandlaw.com,   R58255@notify.bestcase.com;les@millerandlaw.com

Joyce W. Lindauer on behalf of Creditor   Abbas Consulting, Inc.
joyce@joycelindauer.com,   dian@joycelindauer.com

Joyce W. Lindauer on behalf of Creditor   Frisco Acquisition, LLC
joyce@joycelindauer.com,   dian@joycelindauer.com

Arthur Lindquist-Kleissler on behalf of Debtor   WPB Hospitality, LLC
Arthuralklaw@gmail.com,   seanalklaw@gmail.com;filingsalklaw@gmail.com

Alan K. Motes on behalf of U.S. Trustee   US Trustee
Alan.Motes@usdoj.gov

Brett  Payton on behalf of Creditor   Alpine Hospitality, Inc.
bpayton@cp2law.com

Timothy M. Swanson on behalf of Creditor   American Lending Center, LLC
tim.swanson@moyewhite.com,
audra.duzenack@moyewhite.com;Melissa.dymerski@moyewhite.com;robin.anderson@moyewhite.com

US Trustee
USTPRegion19.DV.ECF@usdoj.gov

                                               */s/ Joyce W. Lindauer*
                                               Joyce W. Lindauer