# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WPB Hospitality, LLC | ) | Case No. 18-18636-EEB |
| Tax ID / EIN: 27-0223459, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS
## OR CONVERT CHAPTER 11 CASE

The United States Trustee ("UST"), by and through his counsel, moves the Court to dismiss or convert the above-captioned chapter 11 case under 11 U.S.C. § 1112(b) for cause and, as grounds therefor, states and alleges as follows:

1. The Bankruptcy Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Pursuant to 28 U.S.C. § 586(a)(3), the UST is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the UST has standing to be heard on the issues raised by this Motion to Dismiss or Convert.

4. WPB Hospitality, LLC (the "Debtor") filed its Voluntary Petition for relief under chapter 11 of title 11 of the United Stated Code on October 3, 2018 (the "Petition Date").

5. An Official Committee of Unsecured Creditors has not been appointed in this case.

6. Pursuant to Sections 1107 and 1108, the Debtor continues to manage its affairs as a debtor-in-possession.

Foreclosure of the Debtor's Hotel Project

7. The Debtor's principal asset was a partially completed construction project located at 16161 E. 40th Ave. in Denver (the "Real Property"). In the Debtor's Amended Schedule A/B (Docket No. 74), the Debtor valued the Real Property at $10 million, with the only other liquidated asset being funds of about $216,000 in a Northeast Bank account (the "Northeast Bank Funds").

8. During this case, the Debtor attempted to sell the Real Property, but was unable to do so. On May 16, 2019, the Court entered an Order granting relief from the automatic stay to allow American Lending Center, LLC ("ALC") to foreclose on the Real Property.

9. According to the Debtor's Fourth Status Report Due on or Before October 15, 2019 (Docket No. 238, the "Fourth Status Report"):

   a. The foreclosure sale of the Real Property took place on May 23, 2019. ALC bid approximately $5.5 million and was the winning bidder at the auction. *See* Debtor's Fourth Status at ¶¶ 15, 20.

   b. Thereafter, ALC commenced litigation against Abbas Consulting, Inc. ("Abbas") and Frisco Acquisition, LLC ("Frisco") concerning their ability to enforce purported mechanics' liens to redeem the Real Property. *See* id. at ¶¶ 21-40.

   c. The Debtor understands that the parties to that litigation reached a settlement whereby Frisco would obtain a construction loan in the amount of $16 million. ALC would receive cash of $500,000, and would have a participation loan in the amount of about $7 million. *See* id. at ¶¶ 46-48.

   d. On September 11, 2019, the Debtor's sole equity security holder, Wanda Bertoia, commenced litigation against ALC, Abbas, and Frisco, asserting, among other things, that Abbas and Frisco breached their contract to purchase her equity in the Debtor, and that the defendants conspired to deprive Ms. Bertoia of her equity in the Real Property. *See* id. at 58-59 and Exhibit "C" thereto.

   e. Because of the lawsuit brought by Ms. Bertoia, ALC has advised the Debtor that it will not release to the Debtor the Northeast Bank Funds to which the Debtor believes it is entitled. *See* id. at ¶¶ 52-57.

   f. The Debtor believes that it might also have claims against ALC, Abbas, and/or Frisco and is evaluating whether to employ Ms. Bertoia's counsel in order to assert any claims of the estate in the litigation brought by Ms. Bertoia against ALC, Abbas, and Frisco. *See* id. at ¶¶ 63-65.

### Cause Exists under 11 U.S.C. § 1112

10. Bankruptcy Code § 1112(b) generally provides that the Court shall dismiss or convert a chapter 11 case, whichever is in the best interest of creditors and the estate, for "cause." *See* 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) contains a non-exclusive list of circumstances which constitute "cause" for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4). "Cause" includes a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. *See* Id.

11. "Cause" under § 1112 is a flexible concept. *See In re Pacific Rim Investments, LLP*, 243 B.R. 768, 772 (D. Colo. 2000). The changes to the list of examples that constitute cause under the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA) did not change the fact that the list is illustrative, not exhaustive. *See In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006).

12. Cause exists to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b)(1) and (4) for the reasons set forth below:

Prejudicial Delay:

13. The Debtor has failed to pursue timely a confirmable plan of reorganization. "Dismissal under § 1112(b)(2) is appropriate where the debtor's failure to file an acceptable plan after a reasonable time indicates its inability to do so whether the reason for the debtor's inability to file is its poor financial condition, the structure of claims against it, or some other reason." *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989) (dismissal was appropriate when individual debtors failed to file a confirmable plan after eight months).

14. The Debtor has had the benefits and the protections afforded under the Bankruptcy Code since October 3, 2018. The Debtor has not filed a plan. Except for any claims that might have been satisfied through the foreclosure, unsecured creditors generally have not received payments on their claims during the year that this case has been pending. Such delay is prejudicial to creditors and is cause for dismissal or conversion.

Substantial and Continuing Loss and Diminution to the Estate:

15. The Debtor has never had an operating business during this case. According to the Monthly Operating Reports that have been filed, the Debtor has not generated any revenue during this case.

16. In contrast to the Debtor's lack of revenue, administrative expenses have accrued during this case. The Court has approved fees and expenses of counsel Buechler Law Office, LLC in the amount of $12,066.90 through May 31, 2019. *See* Docket No. 235. Counsel Lindquist-Kleissler & Company, LLC has not yet filed an application for approval of its fees and expenses.

17. The Debtor has lost its Real Property through foreclosure. Its remaining assets consist of litigation claims and an interest in the Northeast Bank Funds. The Debtor does not have any business to reorganize.

18. According to the most recently filed MOR, for March 2019, the Debtor had $825.38 in its bank account as of the end of March.

19. Given the foregoing, there has been a substantial or continuing loss to or diminution of the estate and an absence of a reasonable likelihood of reorganization, which is cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(A).

The Debtor's Failure to Comply with its Reporting Obligations:

20. Pursuant to Article III(B) of the Operating Guidelines and Reporting Requirements of the United States Trustee For Chapter 11 Debtors In Possession and Chapter 11 Trustees (the "Guidelines"), the Debtor is required to file MORs with the Court by the 21st day following the end of each month. *See also* 11 U.S.C § 704(a)(8), made applicable by 11 U.S.C. §§ 1106(a)(1), 1107(a).

21. The MORs in this case are simple, as there have been no receipts or disbursements to report. Nevertheless, every MOR that has been filed has been filed late.

22. The most recently filed MOR is for March 2019, which means that the Debtor has not filed MORs for April, May, June, July, August, and September 2019.[1]

23. The Debtor's failure to file timely and accurate monthly operating reports is cause for dismissal under 11 U.S.C. § 1112(b)(4)(F) and (H).

Conversion Appears to be in the Best Interests of Creditors and the Estate:

24. Pursuant to 11 U.S.C. § 1112(b)(1), with certain exceptions, if the Court finds cause, the Court shall convert the case to chapter 7 or dismiss the case, whichever is in the best interests of creditors and the estate. Based on available information, it appears that conversion of this case to chapter 7 would be in the best interests of creditors and the estate.

25. If this case were converted to chapter 7, an independent trustee could evaluate claims of the estate, including claims against ALC, Abbas, and Frisco, and could pursue those claims, if appropriate. For example, while Ms. Bertoia asserts that ALC, Abbas, and Frisco conspired to deprive her of her equity interest in the Debtor, the Trustee could evaluate whether the estate has an interest in that litigation, which may conflict with Ms. Bertoia's interests.

26. Likewise, the trustee could pursue the estate's interest in the Northeast Bank Funds, which ALC is apparently withholding due to Ms. Bertoia's actions.

---

[1] The Debtor has submitted MORs for April through August 2019 to the UST, but has not filed them with the Court. Those reports do not include bank statements, and also show no receipts or disbursements in the applicable months.

27. Also, insider Alpine Hospitality, Inc. asserts an unsecured claim against the estate in excess of $5.7 million. *See* Claim No. 5. Ms. Bertoia asserts an unsecured claim in an unknown amount. *See* Amended Schedule E/F (Docket No. 53). If the case were converted to chapter 7, an independent fiduciary could evaluate these insider claims.

28. The UST reserves the right to supplement this Motion to Dismiss or Convert as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the UST respectfully requests that the Court enter an order dismissing or converting the above-captioned chapter 11 case for cause under 11 U.S.C. § 1112(b) and requests such other and further relief as the Court deems appropriate.

Dated: October 25, 2019

Respectfully submitted,

PATRICK S. LAYNG
UNITED STATES TRUSTEE

/s/ Alan K. Motes
By: Alan K. Motes, #33997
Trial Attorney for the UST
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
(303) 312-7999 telephone
(303) 312-7259 facsimile
Alan.Motes@usdoj.gov